UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>TONY HILL,<br><br>   Defendant. | No. 2:17-cr-00168-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Tony Hill's ("Defendant") Motion for Sentence Reduction. (ECF No. 38.) The Government filed an opposition. (ECF No. 41.) Defendant did not file a reply. For the reasons below, the Court DENIES Defendant's motion.

On January 4, 2018, Defendant pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (ECF Nos. 23, 24.) On July 19, 2018, the Court sentenced Defendant to an 86-month term of imprisonment to be followed by a 36-month term of supervised release. (ECF No. 36.) Defendant is currently serving his sentence at Herlong FCI. He has served approximately 50 months of his 86-month sentence of imprisonment, and his projected release date with good conduct time is September 18, 2023. (*See* ECF No. 41-1 at 4.) On September 28, 2021, Defendant filed the instant *pro se* motion for sentence reduction.

The basis for Defendant's motion is unclear. Defendant's motion is titled as being brought pursuant to 18 U.S.C. § 3582(b)(2). (ECF No. 38 at 1, 3.) However, § 3582(b)(2) allows

for the correction of a sentence "pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742." 18 U.S.C. § 3582(b)(2). Rule 35 allows a reduction of a defendant's sentence within one year of sentencing for substantial assistance. Fed. R. Crim. Proc. 35(b). 18 U.S.C. § 3742 outlines the procedure for direct appeal. Defendant was sentenced more than one year ago, is not a cooperator, and did not appeal his sentence. As such, Defendant has not shown how § 3582(b)(2) is applicable here.

Defendant next asserts he has successfully completed the Residential Drug Abuse Program ("RDAP"), earned his GED, maintained employment, avoided disciplinary infractions, and participated in various other programs while in prison. (*Id.* at 2.) The Court commends Defendant on the positive steps he has taken, but it is unclear under what authority these actions would warrant a sentence reduction. Defendant cites 18 U.S.C. § 3621, which states "the period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons [('BOP')]," but he does not persuade the Court that the instant motion is the proper vehicle for seeking such a sentence reduction.

Lastly, the Court agrees with the Government that Defendant has not shown a sufficient basis for release under 18 U.S.C. § 3582(c), or that a reduced sentence would be consistent with the 18 U.S.C. § 3553(a) factors.

In sum, the Court finds Defendant has not raised a viable basis for a sentence reduction. Accordingly, the Court hereby DENIES Defendant's motion. (ECF No. 38.)

IT IS SO ORDERED.

**DATE: November 29, 2021**

_____
Troy L. Nunley
United States District Judge